## DAVIS *v.* STATE.

(In Banc.   Nov. 11, 1940.   Suggestion of Error Overruled Nov. 25, 1940.)

[198 So. 572.   No. 34275.]

Earle L. Wingo, of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for appellee.

McGehee, J., delivered the opinion of the court.

It is assigned as error on this appeal that the court below refused to grant a peremptory instruction in behalf of the appellant, and also that the court erred in the granting of two instructions on behalf of the State; that by reason thereof the appellant was wrongfully convicted of the crime of murder and sentenced to serve a life term in the state penitentiary.

There was ample testimony to warrant the jury in believing beyond a reasonable doubt that the appellant, in company with two other young men, went to what is known as a road-house on a public highway, where beer and other drinks were being sold, and that while there

they created a disturbance on the inside of the place of business by their misconduct to such an extent that they were repeatedly asked by the proprietor to leave. That finally they went on the outside of the house to where the deceased, Elmer Jordan, a paralytic, was seated in his automobile, dragged him out onto the ground, kicked and "stomped" him on the head until he was unconscious, bruised and mangled him almost beyond recognition, and with the result that their victim died soon thereafter because of this unprovoked and brutal assault.

There was specific proof offered as to the appellant's actual participation in the crime, since it was shown that although the assault occurred in the nighttime he was seen to have extended his arm into the car towards the deceased immediately preceding his being dragged out of the car, and it was stated by two or three witnesses that he later kicked the deceased twice on the head. It was also shown that he thereafter stated to the jailer that he pulled the deceased out of the automobile and "struck him on the head with a pistol and 'cold-cocked' him;" and there was proof that the appellant did, in fact, have a pistol in his hand and was commanding by-standers to stand back while the "stomping" was in progress.

Under this state of case the court instructed the jury that if they "believed from the evidence beyond a reasonable doubt that the deceased was killed unlawfully, wilfully, feloniously, and with malice aforethought, and that the defendant was present and aided, assisted, and encouraged such killing . . . then the defendant is guilty of murder." It is contended that the instruction is an improper statement of the law, because it eliminates the necessary element of felonious intent on the part of the appellant in aiding, assisting, and encouraging such killing. We are unable to agree with this contention, for the reason that if the deceased was killed unlawfully, wilfully, feloniously, and with malice aforethought, it would naturally follow that one present aiding, assisting, and encouraging such killing would be doing so feloniously.

The other instruction complained of, which is of similar import to that above mentioned, we think correctly advised the jury as to the law to be applied to the facts of this case.

We are therefore of the opinion that the action of the court below was correct in submitting the case to the jury, and that the instructions complained of were proper.

Affirmed.